(84 Misc. Rep. 60)

### McIVER v. GREENPOINT MOULDING CO.

(Supreme Court, Appellate Term, First Department. February 13, 1914. Modification of Order, March 13, 1914.)

1. CONTINUANCE (§ 9*)—GROUNDS—ABSENCE OF WITNESS.

    Plaintiff obtained a continuance on a stipulation signed by defendant's attorney, after he had inserted a clause that it might be necessary for defendant to ask for an adjournment because of the possible absence of a material witness. On signing the stipulation, defendant's attorney stated to plaintiff's attorney that the witness might have to leave for a trip, which would take four weeks, in which case defendant would be compelled to ask an adjournment. At the adjourned day defendant asked for a month's adjournment, but the court set the case down peremptorily for trial at a date within a month, when the witness had not returned. *Held*, that a refusal of a further continuance was error.

    [Ed. Note.—For other cases, see Continuance, Cent. Dig. § 12; Dec. Dig. § 9.*]

2. CONTINUANCE (§ 26*)—ABSENCE OF WITNESS—EFFORTS TO OBTAIN.

    Where a case was adjourned at plaintiff's instance, and, during the adjournment, one of defendant's material witnesses left the state, defendant was only required to make reasonable efforts to secure the return of the witness, and if, on the adjourned day, he had failed to secure such return, he was entitled to a continuance.

    [Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 74–93; Dec. Dig. § 26.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Ella C. McIver against the Greenpoint Moulding Company. From a judgment for plaintiff after an inquest and from an order denying defendant's motion to open its default, it appeals. Reversed, and motion granted, and new trial ordered.

Argued January term 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Goldman, Heidenheimer & Unger, of New York City (William F. Unger, of New York City, of counsel), for appellant.

Robert Gibson, Jr., of New York City, for respondent.

LEHMAN, J.   The plaintiff brought suit for the agreed price of lumber sold to the defendant.   The defendant claims that the lumber was warranted by the plaintiff's assignor; that the lumber was never accepted, but was offered back to the plaintiff's assignor because of a breach of warranty; and that plaintiff's assignor agreed to accept the return.   After issue was joined, the plaintiff caused a commission to issue to take testimony of a witness out of the state.   On October 15th, the commission had not been returned, and the case was therefore adjourned by stipulation of the parties to October 22d.   On October 22d the defendant asked for a month's adjournment, on the ground that a material witness was out of the state, and would not return for some weeks.   The case was thereupon adjourned till November 5th, and the trial justice set the case down "peremptorily" against the defendant for that date.   On November 5th the defendant stated to the court that this witness was still absent, and asked for a further adjournment, which was refused.   An inquest was then taken by the plaintiff.   Thereafter the defendant moved to open its default on condition that the judgment should be allowed to stand as security, but the motion was denied, and the defendant appeals from the judgment and the order denying his motion to open the default.

[1]  It appears that, before the case was adjourned from October 15th to October 22d, the plaintiff's attorney prepared and sent to the defendant the following stipulation for his signature:

"The trial of the above-entitled cause having been adjourned to October 15th, it is hereby consented that the trial be further adjourned to October 22, 1913, to give time for the return of the commission herein."

Before the defendant's attorney signed this stipulation, he inserted the words:

"It may be necessary for the defendant to ask for an adjournment on that date, because of the possible absence of a material witness."

The plaintiff's attorney accepted this addition to the stipulation.

The defendant's attorney now claims that he told the plaintiff's attorney at that time that his superintendent, a material witness, might have to leave the city for a Southern trip before the 22d for a four weeks' trip, and that in that case he would be obliged to ask for an adjournment for that time.   It is his contention that the stipulation was intended to provide for such an adjournment.   On the other hand,

the plaintiff's attorney claims that he understood the stipulation to mean only that the defendant, in granting one adjournment, desired to maintain his right to move for a further adjournment if the occasion arose. Certainly the written stipulation can mean no more than that the defendant was to be entitled to a reasonable adjournment on October 22d, and, when an adjournment of two weeks was granted by the court on that date, its effect was terminated, and there was no stipulation in existence which bound the plaintiff's attorney not to oppose a further adjournment. However, even if there was no stipulation for an adjournment for four weeks from October 22d, it does not follow that the defendant's motion to open the default should have been denied. Even if the defendant was at fault in failing to be ready on November 5th, his default should be opened, if he presents an excuse for his default, which any reasonable man should accept.

In this case I think that the defendant's attorney, even on the plaintiff's version of the transaction, presents such an excuse. The plaintiff's attorney admits in his affidavit that:

"Mr. Unger stated on October 7th that one of his witnesses might go away on a trip in the early part of November, whereupon deponent stated that he would hasten the return of the commission, which deponent did by strenuous methods."

At that time, it would therefore appear that the defendant was desirous of hastening the return of the commission so that the trial might come off before his witness was obliged to leave on his business trip. On October 15th, the commission had not been returned, and while doubtless the defendant could not then have opposed an adjournment of the trial until a reasonable time had been given for the return of the commission, he could have appeared in court and asked the court to adjourn the matter to a date which would not interfere with the proposed business trip of his witness, and the trial justice would then have been obliged to make a disposition of the motion for an adjournment that would have advised the defendant whether it could safely allow the witness to leave the city. Instead of so doing, the defendant caused the insertion in the stipulation for an adjournment of:

"It may be necessary for the defendant to ask for an adjournment on that date because of the possible absence of a material witness."

It seems to me that when the plaintiff's attorney accepted the stipulation without inquiry as to the proposed trip, after he had been told that one of the defendant's witnesses "might go away on a trip early in November," he lulled the defendant into the belief that he could safely permit the witness to go on a trip at that time. Certainly if the defendant had stated on October 15th to the trial justice that a witness contemplated a trip to the South before October 22d, and the trial justice had stated that he would adjourn the case till October 22d, and would then grant a further adjournment, to allow the return of the witness from his trip before trial, there could be no question that the defendant would have been entitled to demand on October

22d a further reasonable adjournment. The stipulation in my opinion had exactly the same effect. The trial justice apparently recognized the stipulation to the extent that he granted a two weeks' adjournment, which he apparently considered a reasonable time for the return of the witness. He should not, however, have marked the case peremptorily against the defendant, thereby stating in effect that the return of the absent witness was to be obtained at defendant's peril.

[2] The defendant could surely not be required to do more than make reasonable efforts to secure the return of his witness, and, if on the adjourned day he had failed to secure the return of the witness, he should not have been forced to trial.

In other words, since the defendant on October 22d was in a position of not being able to properly try its case because of the absence of a witness, and was entitled to an adjournment sufficient to secure the presence of the witness at the trial, the trial should not have proceeded on the adjourned date in the continued absence of the witness, when that continued absence was due not to any negligence of the defendant, or desire to postpone a trial, but to the original act of leaving the city in reliance upon circumstances which apparently made it safe for him to do so.

The order should therefore be reversed, motion granted, and new trial ordered, with costs to appellant to abide the event. Trial set for the 27th day of February, 1914, and the appeal from the judgment dismissed. All concur.

### Modification of Order.

PER CURIAM. Order modified, by granting the motion to open the default, vacating the judgment, and ordering a new trial upon payment by defendant of $10 costs, and, as modified, affirmed, with $10 costs to the defendant; costs of one party to be offset against those of the other. Date of new trial to be March 18, 1914. Order filed.